Coös, }
Nov. 3, 1903. }

## KNAPP v. MAHURIN.

REPLEVIN, for lambs. Trial at the February term, 1903, of the superior court before *Stone*, J.

The plaintiff's evidence tended to prove the following facts: His farm and the defendant's were situated near each other. He had a large flock of Cheviot sheep, and the defendant had a large flock of Cotswold sheep. There is a marked difference in the form of body and the quality of wool of these breeds. When the plaintiff sheared his sheep, he marked them and the lambs by painting a yellow stripe over the back from hip to hip. He did not cut off the lambs' tails. When the defendant sheared his sheep, he cut off the lambs' tails and cut a notch in an ear to mark them. About October 20, 1901, the plaintiff turned eighteen of his lambs upon land situated near the defendant's premises. About November 13, he missed seven of them. The plaintiff's son told the defendant that his father had lost seven long-tailed lambs marked with yellow paint, and asked the defendant if they were in his flock. The defendant told the son he could look the flock over, but that there were no long-tailed lambs in it as he had cut the tails off when he sheared the sheep. The son looked the sheep

over and found no long-tailed lambs among them. The sheep were so covered with snow and ice that marks on their wool were not easily discernible. An employee of the plaintiff subsequently discovered lambs in the defendant's flock marked with yellow paint. In a day or two afterward the plaintiff looked the flock over and immediately identified his lambs. A black stripe had been painted over the yellow stripe after the snow came and the sheep were taken up for the winter, but the yellow stripe was plainly visible upon parting the wool. The lambs' tails had been cut off, and the wounds were not healed. The plaintiff told the defendant the lambs were his, and said, "Frank, I should not have thought you would have done such a thing; I would not have done so to you." The defendant replied, "If those are your lambs, go and take them." The defendant made no objection then or at any other time to the plaintiff taking the lambs, but gave him to understand that the defendant claimed them as his property. The plaintiff made no further demand and did not take the lambs away; he had been to so much trouble he thought it was not his duty to do so. The defendant did not offer to return them, and pleaded title in himself.

At the close of the plaintiff's evidence the defendant moved for a nonsuit, on the ground that there was no evidence that the lambs were wrongfully taken and detained by him. The motion was denied, and he excepted.

*Thomas F. Johnson, James I. Parsons,* and *Dale & Amey* (of Vermont), for the plaintiff.

*Chamberlin & Rich* and *Jason H. Dudley,* for the defendant.

CHASE, J. There was evidence from which it could be found that the defendant wrongfully took the lambs. In that event, no demand by the plaintiff would be necessary.

*Exception overruled.*

All concurred.